UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY C., <br><br>                      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>                      Defendant. | Case No.: 3:22-cv-00724-GPC-AHG<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT WITH LEAVE TO AMEND, and**<br><br>**(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

//

//

//

//

Plaintiff Kimberly C. ("Plaintiff") brings this action against the Commissioner of Social Security Kilolo Kijakazi ("Defendant" or "the Commissioner"), seeking judicial review of the Commissioner's final administrative decision denying her application for Social Security disability benefits and Supplemental Security Income for lack of disability. ECF No. 1.[1]

Along with her Complaint, Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2. Although the case was initially assigned to a Magistrate Judge, the case was transferred to the calendar of the undersigned District Judge on June 15, 2022, after Plaintiff did not consent to Magistrate Judge jurisdiction by the deadline of June 9, 2022. ECF Nos. 3, 4.[2]

After due consideration and for the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint with leave to amend, if amended within 28 days of the date of this Order, and **DENIES as moot** Plaintiff's motion to proceed IFP without prejudice.

## I.   DISCUSSION

A motion to proceed IFP presents two issues for the Court's consideration. First, a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Section 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See id.* ("1915(e)

---

[1] In her Complaint, Plaintiff states that she seeks review of the Commissioner's decision "denying plaintiff's application for Social Security Disability [and Supplemental Security Income disability] benefits for lack of disability." ECF No. 1 ¶ 1. Plaintiff's use of brackets in this paragraph and in other portions of the Complaint indicates she used a form complaint to file her appeal, which was not edited to reflect the particularities of her case. Accordingly, it is unclear whether the appeal is based on the denial of disability benefits, Supplemental Security Income, or both.

[2] The Court has since received Plaintiff's Consent to Magistrate Judge Jurisdiction form. ECF No. 5. Therefore, this case may ultimately be reassigned to the Magistrate Judge pursuant to 28 U.S.C. § 636(c) if Defendant reaffirms her consent. *See* ECF No. 6.

not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Second, the Court must determine whether an applicant properly shows an inability to pay the $400 civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a).

The Court will address each issue in turn.

**A. Plaintiff's Inability to Pay Filing Fee**

An applicant need not be completely destitute to proceed IFP, but she must adequately prove her indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) ("The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court").

An adequate affidavit should also state supporting facts "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). Additionally, courts have discretion to make a factual inquiry and to deny a motion to proceed IFP when the moving party is "unable, or unwilling, to verify their poverty." *McQuade*, 647 F.2d at 940.

Here, Plaintiff states in her affidavit that in the last twelve months, the only income she has received includes: (1) $50 per month in child support, and (2) $647 per month in public assistance. ECF No. 2 at 1–2. She currently has $50 in her checking account, and her monthly expenses total $600. *Id.* at 2, 4. She has not been employed in the past two

years and reports no assets to her name. *Id.* at 2-3. She expects no major changes to her monthly income or expenses or in her assets or liabilities during the next 12 months. Considering the information in the affidavit, the Court finds that Plaintiff sufficiently has shown an inability to pay the $400 filing fee under § 1915(a).

### B. Screening Under 28 U.S.C. § 1915(e)

Although Plaintiff has shown that she cannot afford to pay the filing fee, that does not end the inquiry. As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129 ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

Rule 8 sets forth the federal pleading standard used to determine whether a complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[A] complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "detailed factual allegations" are not required, but a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to justify relief). A proper pleading "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions

. . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted) (referring to Fed. R. Civ. P. 8). When a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face," the Court must either dismiss a portion, or the entirety of the complaint. *Twombly*, 550 U.S. at 547; *Hoagland*, 2012 WL 2521753, at *1.

For example, in social security cases, "[t]he plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *3 (dismissing conclusory complaint in IFP screening process for failure to state a plausible claim for relief due to insufficient factual allegations).

Here, Plaintiff contends that a reversal of Defendant's decision is warranted because (1) "Plaintiff is disabled" and (2) "[t]he conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation." ECF No. 1. ¶¶ 6-7. Plaintiff does not explain how the conclusions and findings of fact of the Commissioner are not supported by substantial evidence or how they are contrary to law and regulation. These boilerplate allegations are precisely the type of conclusory statements that fail to satisfy the federal pleading standard. *Graves*, 2015 WL 357121, at *2 ("a social security complaint that merely parrots the standards used in reversing or remanding a case is not sufficient to withstand a screening pursuant to Section 1915(e)"); s*ee, e.g.*, *Jaime B.*, 2020 WL 1169671, at *2 (dismissing complaint pursuant to IFP screening because the plaintiff made boilerplate allegations that a reversal or remand was

warranted because "the denial of [Plaintiff's] disability claim is not supported by substantial evidence under the standards set forth by 42 U.S.C. § 405(g)"); *Graves*, 2015 WL 357121, at *2 (dismissing complaint pursuant to IFP screening because "Plaintiff alleges merely that the Commissioner's decision to deny her benefits was wrong without any indication as to why it was wrong other than a recitation of the general standards that govern this Court's review of that decision").

Because Plaintiff's Complaint fails to state a claim, the Court **DISMISSES** Plaintiff's complaint pursuant to § 1915(e)(2)(B)(ii). However, Plaintiff shall have 28 days to file an amended complaint that cures the deficiencies discussed herein.

## II.     CONCLUSION

For the reasons state above, the Court **DISMISSES** Plaintiff's complaint with leave to amend. Plaintiff must file her first amended complaint by **August 22, 2022**.

Since it has dismissed Plaintiff's complaint, the Court **DENIES AS MOOT** Plaintiff's motion to proceed IFP, without prejudice. If Plaintiff files an amended complaint, she must also refile her request to proceed IFP (ECF No. 2) at that time.

**IT IS SO ORDERED.**

Dated:  July 22, 2022

Hon. Gonzalo P. Curiel
United States District Judge